WILLIAMS CLARKE CO. (ATLAS TRADING CO.) ET AL. *v.* UNITED STATES

No. 5691.—Invoices dated Kobe, Japan, June 19, 1937, etc.
Entered at Los Angeles, Calif., July 14, 1937, etc.
Entry No. 519, etc.

(Decided August 12, 1942)

*Harper & Harper* (*Abraham Gottfried* of counsel) for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Presiding Judge: The appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated by and between counsel for the plaintiff and the Assistant Attorney General for the United States, subject to the approval of the court:

(1) That the merchandise involved in the appeals enumerated above consists of articles, made wholly or in part of rayon which in all material respects is such or similar to the rayon in the articles the subject of decision in *United States* v. *Nippon Dry Goods Co.*, Reap. Dec. 5006, affirming Reap. Dec. 4704; and that the issue herein and conditions as to the market value are the same as the issue and conditions as to market value in the cited cases, and the record in said cases is hereby incorporated herein.

(2) That the appraised values of the articles covered by these appeals, less any additions made by the importer by reason of the so-called Japanese consumption tax, to meet advances made by the appraiser in similar cases, represent the prices at the time of exportation of such merchandise to the United States at which such or similar merchandise was freely offered for sale to all purchasers, in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, and represent the export value of such merchandise and that there were no higher foreign values at the time of exportation thereof.

(3) That the appeals herein are abandoned as to all merchandise except the articles made wholly or in part of rayon, and these cases are submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that as to the articles made wholly or in part of rayon, such values

are the appraised values, less any additions made by the importer by reason of the so-called Japanese consumption tax, to meet advances made by the appraiser in similar cases.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed.

Judgment will be rendered accordingly.